[No. 21651. Department Two. March 18, 1929.]

ALICE BARBEE WICK, *Appellant*, v. JULIUS L. BALDWIN, *Respondent.*[1]

*Martin J. Lund*, for appellant.

*Edwin H. Flick* and *J. L. Baldwin*, for respondent.

FRENCH, J.—The appellant is a resident of the state of Pennsylvania. She owned a large tract of land situated on Lake Chelan, and the Chelan Electric Company and Chelan county were engaged in condemnation proceedings for the purpose of raising the level of Lake

[1]Reported in 275 Pac. 545.

Chelan and flooding a portion of appellant's property, and also acquiring certain of appellant's property for road purposes. Appellant's nephew is Adrien W. Vollmer. He has been admitted to practice law both in the state of Pennsylvania and in the state of Washington.

In January, 1927, acting for and on behalf of the appellant, Mr. Vollmer engaged respondent to do a certain limited amount of work to assist in the defense of the condemnation proceedings. Other attorneys had already been engaged by appellant in connection with this work, and respondent's employment was of a very limited nature. In the middle of April, 1927, a new contract was entered into between the parties, evidenced by certain letters written by respondent and Adrien W. Vollmer, whose authority to represent appellant seems to be conceded. There seems to have been considerable dispute at all times between Mr. Vollmer and the respondent as to the amount of work respondent was required to do by virtue of the terms of his contract, respondent insisting that the work which he was employed to do was limited in its nature, other lawyers having been at all times engaged to act as leading counsel in the case. This finally led to a rupture, and appellant brought suit for breach of contract.

Respondent counter claimed, asking for money which he claimed due under the contract and for certain extras; also asking for the foreclosure of an attorney's lien. The case was tried before the court, with a jury, and at the end of appellant's case, a nonsuit was granted. On respondent's counter claim, a verdict was rendered in his favor for $500. The court treated the verdict of the jury as advisory only, and made findings of fact and conclusions of law and adopted the amount

found by the jury as correct, and entered judgment in respondent's favor for $500, and this appeal follows.

Appellant's first assignment of error is that the court erred in granting defendant's motion for a nonsuit.

No good purpose could be served by detailing the testimony. It is sufficent to say that we have carefully read all of the statement of facts, and are unable to find a scintilla of evidence which would warrant judgment in favor of the appellant.

■ Appellant also complains of the admission of certain evidence as tending to support respondent's cross-complaint.

The trial court construed the contract between the parties, as shown by their correspondence, as one requiring only a limited amount of work on the part of respondent, and this construction of the contract, we think, was correct. The question of whether or not extra work was performed by respondent, and the kind and value of the services, became purely one of fact, was submitted to the jury and the jury returned a verdict of $500 in respondent's favor. The trial court, who had listened to all of the testimony, accepted and confirmed the findings of the jury. The evidence which appellant claims to be inadmissible, was all both competent and relevant, and would be inadmissible only in case it was work which respondent was required to do under and by virtue of the terms of his written agreement. But it should be remembered that the contract was not a general retainer made by a layman, but this was the employment of one lawyer by another to do certain work within the terms of the agreement, and it was peculiarly within the province of the trial court and jury to say, as a question of fact, what its value was and it also became a question of fact for the trial court and jury to pass upon as to whether or not this

claimed extra work was within the terms of the original written employment.

All of the questions involved in this case are either questions of fact or mixed questions of law and fact, and have been resolved against appellant both by a jury and trial court. An examination of the record convinces us that the judgment must be affirmed.

MITCHELL, C. J., MILLARD, MAIN, and PARKER, JJ., concur.